UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANTEA COOPER, CDCR #BT-9633,<br><br>  Plaintiff,<br><br>vs.<br><br>ARIZU, Correctional Officer,<br><br>  Defendant. | Case No.: 25-cv-1793-TWR (BJW)<br><br>**ORDER (1) SCREENING FIRST AMENDED COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b) and (2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE PURSUANT TO 28 U.S.C. § 1915(d) & Fed. R. Civ. P. 4(c)(3)** |

On July 9, 2025, Plaintiff Dantea Cooper, a state prisoner proceeding *pro se*, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, along with a Motion to Proceed In Forma Pauperis ("IFP"). (*See* ECF Nos. 1–2.) On September 8, 2025, the Court granted Plaintiff leave to proceed IFP and dismissed the Complaint, which appeared to contain claims for retaliation and cruel and unusual punishment, for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). (*See* ECF No. 5.) Plaintiff was notified of the deficiencies of the pleading and was granted leave to amend. (*See id*. at 4–7.)

Plaintiff has now filed a First Amended Complaint. (*See* ECF No. 9 ("FAC").) Plaintiff indicates he is abandoning the cruel and unusual punishment claim and is proceeding only with his retaliation claim. (*Id*. at 6–7.)

1

## I. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner proceeding IFP, his FAC requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks omitted).

### B. Allegations in the FAC

Plaintiff alleges in his FAC that he:

> Constitutionally invoked his 14th Amendment right by refusing medical when there were no penological interest. Defendant Arizu, because of Plaintiff's refusal of medical care, proceeded to threaten Plaintiff [to] confiscate his belongings if he continued to refuse. CDCR conducted an investigation found my allegations had merit and I was transferred to another prison. The Court ruled in White v. Napolean (1990) that any retaliation against an inmate for refusing medical care violates the 14th Amendment and is actionable under 1983.

(FAC at 3.) Plaintiff seeks monetary damages in the amount of $18 in lost wages and $21,000 in punitive damages. (*Id.* at 5.)

### C. Analysis

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (2005) (footnote omitted). Plaintiff must also allege a retaliatory motive, that is, a causal connection between the adverse action and his protected conduct. *See Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). The alleged adverse action need not itself be an independent constitutional violation. *See Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (stating that to prevail on a retaliation claim, plaintiff "need not establish an independent constitutional interest" was violated); *Rizzo v. Dawson*, 778 F.2d 527, 531–32 (9th Cir. 1985) (finding a transfer to a different prison constitutes adverse action).

Plaintiff identifies the adverse action taken against him in retaliation for his refusal to report to medical was his transfer to another prison, and alleges the transfer was due to Defendant Arizu's threat to confiscate his belongings if he continued to refuse medical care. (*See* FAC at 3, 10–12.) He states that his transfer was due to safety concerns arising from a finding of overfamiliarity with staff directly caused by Arizu's threat, as confirmed

through the administrative appeal process.  (*Id*. at 3, 15–18.)  In sum, Plaintiff plausibly alleges an adverse action was taken against him in being transferred to another prison due to safety concerns arising from an overfamiliarity with staff as a result of Defendant Arizu threatening to confiscate his personal property in retaliation for Plaintiff exercising his constitutional right to refuse medical care.

These allegations are sufficient to survive the "low threshold" of the screening required by 28 U.S.C. §§ 1915(e)(2) & 1915A(b) with respect to a retaliation claim against defendant Arizu, the only claim against the only Defendant named in the FAC.  *Watison*, 668 F.3d at 1112.  As a result, Plaintiff is entitled to have the U.S. Marshal effect service of the summons and the First Amended Complaint on his behalf against Defendant Arizu.  *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.")

## II.     Conclusion

For the foregoing reasons, the Court:

1.      **DIRECTS** the Clerk to issue a summons as to Plaintiff's First Amended Complaint (ECF No. 9) for Defendant Arizu and forward it to Plaintiff along with a blank U.S. Marshal Form 285.  The Clerk will provide Plaintiff with certified copies of the First Amended Complaint and summons for use in serving Defendant.  Upon receipt of this "In Forma Pauperis Package," Plaintiff must complete the USM Form 285 as completely and accurately as possible, *include an address where Defendant may be found and/or subject to service* pursuant to S.D. Cal. CivLR 4.1(c), and return the forms to the United States Marshal according to the instructions the Clerk provides in the letter accompanying the In Forma Pauperis Package.

2.      **ORDERS** the U.S. Marshal to serve a copy of the First Amended Complaint and summons upon Defendant Arizu as directed by Plaintiff on the USM Form 285.  Costs

of service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

3. **ORDERS** Defendant, once served, to reply to Plaintiff's First Amended Complaint and any subsequent pleading Plaintiff files in this matter in which Defendant is named as a party within the time provided by the applicable provisions of Federal Rules of Civil Procedure 12(a) and 15(a)(3). *See* 42 U.S.C. § 1997e(g)(2) (stating that while defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening, defendants are required to respond).

4. **ORDERS** Plaintiff, after service has been completed by the U.S. Marshal, to serve upon Defendant, or if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document sought to be filed with the Clerk, a certificate stating the manner in which a true and correct copy of that document has been served on Defendant or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon a Defendant, or their counsel, may be disregarded.

**IT IS SO ORDERED.**

Dated: January 5, 2026

_____
Honorable Todd W. Robinson
United States District Judge